UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ELIZABETH BETSY COMBIER,

                Plaintiff,

v.

FRANCESCO PORTELOS, LUCIO CELLI,
BRYAN GLASS, ESQ., JORDAN HARLOW,
ESQ., CARMEN FARINA, Chancellor of the New
York City Department of Education, NEW YORK
CITY DEPARTMENT OF EDUCATION, all sued
individually and officially,

                Defendants,

LUCIO CELLI,

                Counter Claimant,

v.

ELIZABETH BETSY COMBIER,

                Counter Defendant.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-2239 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Elizabeth Betsy Combier commenced the above-captioned action on April 13, 2017 against Francesco Portelos, Lucio Celli, Bryan Glass, Esq., Jordan Harlow, Esq., Carmen Farina, Chancellor of the New York City Department of Education, and the New York City Department of Education (the "DOE"), seeking declaratory, injunctive, and monetary relief for

alleged constitutional violations and other injuries.[1]  (Compl., Docket Entry No. 1.)  In January

and February of 2018, Defendants moved to dismiss the Second Amended Complaint.  (Celli

Mots. to Dismiss, Docket Entry Nos. 44, 60; Farina and DOE Mot. to Dismiss, Docket Entry No.

51; Glass and Harlow Mot. to Dismiss, Docket Entry No. 55; Portelos Mot. to Dismiss, Docket

Entry No. 57.)  By order dated April 4, 2018, the Court referred the motions to Chief Magistrate

Judge Roanne L. Mann.  (Order dated April 4, 2018.)

Since the filing of the Second Amended Complaint, Defendant Celli has filed more than twenty harassing and duplicative motions and letters with the Court.  (*See, e.g.*, Letters dated April 4, 2018, Docket Entry Nos. 101–08, 110, 112; Letters dated May 4, 2018, Docket Entry Nos. 118–20, 122–23, 129, 132; Mots. to Strike, Docket Entry Nos. 109, 114; Mots. for Fraud upon the Court, Docket Entry Nos. 113, 115.)  In several filings, Celli attacks Plaintiff, calling her a liar and accusing her of lying in submissions to the Court, (*see e.g.*, Letters dated April 4, 2018, Docket Entry Nos. 102, 104, 107; Letters dated May 4, 2018, Docket Entry Nos. 118, 132), asserts that Plaintiff suffers from mental illness and is "crazy," (Letter dated April 4, 2018, Docket Entry No. 102), and repeatedly requests that the Court conduct a mental examination of Plaintiff, (Letters dated April 4, 2018, Docket Entry Nos. 102, 110; Letter dated May 4, 2018, Docket Entry No. 120).

---

[1] On April 28, 2017, Plaintiff filed an Amended Complaint, adding additional allegations and a claim of libel *per se*, (Am. Compl., Docket Entry No. 5), and on December 12, 2017, Plaintiff filed a Second Amended Complaint, adding a claim under the Stored Communications Act, 18 U.S.C. § 2707, (Sec. Am. Compl., Docket Entry No. 39).

Although Defendant Celli is a *pro se* litigant, he is no stranger to litigation in this district. *See Celli v. New York City Dep't of Educ.*, No. 15-CV-3679 (E.D.N.Y. filed June 24, 2015). Indeed, Celli was warned in that action from engaging in harassing conduct. (*Id.*) On January 12, 2017, Judge Brian M. Cogan declined to impose sanctions against Celli but warned him not to engage in harassing conduct. *Celli v. New York City Dep't of Educ.*, No. 15-CV-3679 (E.D.N.Y. Jan. 12, 2017). Judge Cogan admonished that "should [Celli] ever find himself in any court on some other case and conduct himself in the manner that he did here, the result of a motion [for sanctions] may be different." *Id.* at 2.

While Celli may disagree with Plaintiff's contentions in the Second Amended Complaint and other filings, it is not a basis for his multiple filings or his harassing tone. Celli has already filed a motion to dismiss the Second Amended Complaint, which motion will be decided by the Court. Celli is warned that should he continue filing such letters or motions, the Court will take appropriate action, which may include barring him from filing additional letters or motions without leave from the Court. *United States v. Buczek*, 531 F. App'x 105, 106 (2d Cir. 2013) (warning *pro se* criminal defendant-appellant that "his further filing in this Court of frivolous motions, appeals, petitions, or other matters relating to his November 2010 convictions, the criminal proceedings leading to those convictions, or his post-conviction litigation, will result in the imposition of sanctions, including leave-to-file sanctions"); *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("That the district court possessed the authority to enjoin [the plaintiff] from further vexatious litigation is beyond peradventure." (collecting cases)); *NMD Interactive, Inc. v. Chertok*, No. 11-CV-6011, 2017 WL 993069, at *5 (S.D.N.Y. Mar. 13, 2017), *aff'd sub nom. StreetEasy, Inc. v. Chertok*, --- F. App'x ---, 2018 WL 1478238 (2d Cir. Mar. 26, 2018) (warning defendant that "future frivolous filings by him that appear to be designed primarily to

3

harass Plaintiff and its counsel will be carefully scrutinized and may result in sanctions, including a filing injunction").

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 22, 2018
       Brooklyn, New York