Lucio Celli
2743 Seymour Avenue
Bronx, New York
646-734-3988
enzo0mad@aol.com

*FILED*
2018 JUL 23 PM 10: 12
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

ELIZABETH "BETSY" COMBIER,

Petitioner,

vs.

Brain M. Cogan

Respondent

Case No.: ____-cv-_____

EDNY---Case No.: 17-cv-02239(MB)(RLM)

COMPLAINT OF JUDICIAL MISCONDUCT OR DISABLITY BECAUSE FRANCIS PIPER ALTERED THE TITLIES OF LUCIO'S MOTION TO AVIOD TELLING THE CLERK ABOUT MISCONDUCT, ESPECIALL EDITED OUT THE WORD "PERSONAL" SO THAT BRODIE AND MANN DID NOT HAVE TO RECUSAL THEMSELVES, AS IT IS MANDATORY

This is complaint is being placed on the EDNY---Case No.: 17-cv-02239(MB)(RLM) because the plaintiff and the other defendants CANNOT object to mandatory recusal. Lucio placed affidavit of "personal knowledges" due to US Marshalls being sent by Hon. Brodie, Hon. Mann, Hon. Cogan with other unnamed judges from the 2nd Circuit, Southern District, and Eastern District. The US Marshalled threatened Lucio's liberty in Yonkers' court, as the US Marshalls said that the judges would fix the case---let's get the 2 US Marshalls on the stand and under oath.

Findings:

1. Ms. Piper edited heading to edit Randi Wiengarten's misconduct
2. Ms. Piper edited out the word personal because this allows Brodie and Mann to get away with a crime because it is MANDATORY recusal for judges who know facts

COMPLAINT OF JUDICIAL MISCONDUCT OR DISABLITY BECAUSE FRANCIS PIPER ALTERED THE TITLIES OF LUCIO'S MOTION TO AVIOD TELLING THE CLERK ABOUT MISCONDUCT, ESPECIALL EDITED OUT THE WORD "PERSONAL" SO THAT BRODIE AND MANN DID NOT HAVE TO RECUSAL THEMSELVES, AS IT IS MANDATORY - 1

and Brodie and Mann know of facts that contradicts what Betsy placed on the docket as evidence

3.

Lucio Celli, complainant and hereafter "Lucio," files this complaint *pursuant to* "Rules govern proceedings under the Judicial Conduct and Disability Act (the Act), 28 U.S.C. §§ 351 – 364 , to determine whether a covered judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts or is unable to discharge the duties of office because of mental or physical disability.

"A complainant or judge aggrieved by an action of the judicial council under section 354 may petition the Judicial Conference of the United States for review thereof. "); R. 21(b)(1)(A) ( "A complainant or subject judge may petition the Committee for review of a judicial - council order entered in accordance with . . . Rule 20(b)(1)(A) . . . . "); R . 22(a) ("A petition for review of a judicial - council decision on a reviewable matter, as defined in Rule 21(b)(1), may be filed by sending a brief written statement to the Committee on Judicial Conduct and Disability . . . .").

Lucio files this complaint of judicial misconduct against Francis Piper, of the U.S. District Court for Eastern New York under the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351–364, and the Rules for Judicial-Conduct and Judicial-Disability Proceedings (amended Sept. 17, 2015). Lucio alleges Ms. Piper edited out "personal", Randi paid 10,000 to a judge, and other words from the heading because she wanted to help judges get away with misconduct and avoid mandatory recusal, which it worked because Brodie illegally rendered a decision when she ALREADY knew she lost jurisdiction because it was planned

Peter Zucker informed Lucio (these complaints coming) how the panel of judges would rule and ignore mandatory recusal with the fact that acting like a lawyer for pro se plaintiff is MISCONDUCT, but for Cogan who said, "Plead the UFT and I'll dismiss it" with the fact that Betsy said Randi would do anything to hide what they do. According to Zucker, Betsy's case was retaliation for what Lucio said to Cogan.

Randi Weingarten told Lucio and EVERYONE on facebook that Cogan worked on a case similar to Lucio's

COMPLAINT OF JUDICIAL MISCONDUCT OR DISABLITY BECAUSE FRANCIS PIPER ALTERED THE TITLIES OF LUCIO'S MOTION TO AVIOD TELLING THE CLERK ABOUT MISCONDUCT, ESPECIALL EDITED OUT THE WORD "PERSONAL" SO THAT BRODIE AND MANN DID NOT HAVE TO RECUSAL THEMSELVES, AS IT IS MANDATORY - 2

1. Complaint's Name: Lucio Celli[1]
2. Address: 2743 Seymour Avenue, Bronx, New York 10469
   Phone: 646-734-3899
3. Judge or magistrate complained about: Lois Bloom
4. Does the complaint concern the behavior of the judge or magistrate in a lawsuit? Have you filed any lawsuits against the judge or magistrate? **The answer is no**
5. Describe the conduct or evidence of disability of this complaint. (See Rule 2(b) and 2(d). 5-page limit and single-sided only. Most complaints do not require that much)

**Rule 2[2] 3(h) Misconduct. Cognizable misconduct:**
**Rule 2(h)(1) is conduct prejudicial to the effective and expeditious administration of the business of the courts. Misconduct includes, but is not limited to:**
**Rule 2(h)(1)(A) using the judge's office to obtain special treatment for friends or relatives;**
**Rule 2(h)(1)(C) having improper discussions with parties or counsel for one side in a case;**
**Rule 2(h)(1)(D) treating litigants, attorneys, or others in a demonstrably egregious and hostile manner;**
**Rule 2(h)(1)(E) engaging in partisan political activity or making inappropriately partisan statements;**
**Rule 2(2) is conduct occurring outside the performance of official duties if the conduct might have a prejudicial effect on the administration of the business of the courts, including a substantial and widespread lowering of public confidence in the courts among reasonable people.**

A. Allowed Jonathan Tand (Lucio's former lawyer) Brain Cogan deprive Lucio of his rights in Doc. No 37 to plead his case because Cogan's threat benefited Randi Weingarten and
B. According to the panel of judge, Brain Cogan was providing Lucio with

---

[1] A document that, in accordance with Rule 6, is filed by any person in his or her individual capacity or on behalf of a professional organization; or

[2] The mandatory nature of these Rules is authorized by 28U.S.C.§358(a)and(c).

COMPLAINT OF JUDICIAL MISCONDUCT OR DISABLITY BECAUSE FRANCIS PIPER ALTERED THE TITLIES OF LUCIO'S MOTION TO AVIOD TELLING THE CLERK ABOUT MISCONDUCT, ESPECIALL EDITED OUT THE WORD "PERSONAL" SO THAT BRODIE AND MANN DID NOT HAVE TO RECUSAL THEMSELVES, AS IT IS MANDATORY - 3

A. Allowed Jonathan Tand (Lucio's former lawyer) Brain Cogan deprive Lucio of his rights in Doc. No 37 to plead his case because Cogan's threat benefited Randi Weingarten and

B. According to the panel of judge, Brain Cogan was providing Lucio with

6. I, Lucio Celli, declare under the penalty of perjury that (a) I have read Rules 1 and 2 of the Rules Governing Complaints of Judicial and Disability, and (b) the statement made in this complaint are true and correct to the best of my knowledge

_____
Lucio Celli, pro se

I, Lucio Celli, need more time to craft a complaint because no notice was sent and I only had a few days to research.

COMPLAINT OF JUDICIAL MISCONDUCT OR DISABLITY BECAUSE HON. BROIDE AND HON. MANN ISSUED ORDERS AND OPINIONS AFTER BEING NOTIFIED THAT THEY HAD PERSONAL KNOWLEDGE OF ELIZABETH COMIBER'S MISCONDUCTION - 5

6. I, Lucio Celli, declare under the penalty of perjury that (a) I have read Rules 1 and 2 of the Rules Governing Complaints of Judicial and Disability, and (b) the statement made in this complaint are true and correct to the best of my knowledge

_____
Lucio Celli, pro se

I, Lucio Celli, need more time to craft a complaint because no notice was sent and I only had a few days to research.

COMPLAINT OF JUDICIAL MISCONDUCT OR DISABLTY BECAUSE FRANCIS PIPER ALTERED THE TITLIES OF LUCIO'S MOTION TO AVIOD TELLING THE CLERK ABOUT MISCONDUCT, ESPECIALL EDITED OUT THE WORD "PERSONAL" SO THAT BRODIE AND MANN DID NOT HAVE TO RECUSAL THEMSELVES, AS IT IS MANDATORY - 4

# Judicial Conduct and Discipline in the Federal Courts

## A thorough selection process ensures qualified, ethical judges

*The President "shall nominate, and by and with the advice and consent of the Senate, shall appoint ... judges of the Supreme Court, and all other officers of the United States [including all other federal judges]."* —*U.S. Constitution, Article II, Section 2*

Judges for the Supreme Court, circuit courts, and district courts are nominated by the President and confirmed by the Senate. Before making a nomination, the President and his staff research, investigate, and interview potential nominees. After the President makes a nomination, the Senate Judiciary Committee holds a confirmation hearing (open to the public) where the nominee may be asked about judicial philosophy, substantive law, and personal and professional conduct. The American Bar Association provides the Judiciary Committee with a nonbinding evaluation of the nominee's qualifications.

If approved by the Judiciary Committee, the nominee goes before the entire Senate for approval. If approved by a majority of the Senate, the nominee is confirmed.

## Lifetime appointment and sufficient compensation promote judicial independence

*Judges "shall hold their offices during good behaviour, and shall ... receive for their services, a compensation, which shall not be diminished during their continuance in office."*
—*U.S. Constitution, Article III, Section 1*

Lifetime appointment enables judges to act without influence from political pressure or public opinion. Sufficient compensation deters judges from seeking additional income from outside sources that may undermine judicial independence, or from using a judicial appointment as a stepping-stone to a more lucrative position in the private sector.

Pursuant to the Constitution, Congress cannot diminish judges' salaries, helping protect judges from political considerations when issuing decisions. Generous retirement provisions dissuade judges from continuing to serve after a loss of physical or mental capacity.

---

The Special Committee investigates the allegations and submits findings to the circuit judicial council, a body responsible for creating and implementing circuit policies, comprising the chief judge and an equal number of circuit and district judges. The council may dismiss the complaint, institute corrective measures, or refer it to the Judicial Conference. If necessary, the council may conduct additional investigation before acting on the complaint.

Corrective measures by the council may include temporarily suspending case assignments, providing informal counseling, or issuing censure or reprimand. Action by the Judicial Conference may include additional corrective measures and, if deemed appropriate, recommendation to the House of Representatives that the offending judge be impeached.

In the latter case, the House Judiciary Committee conducts an inquiry ("open to the public unless otherwise noted") in which committee members question the offending judge. If a majority of the committee agrees impeachment is necessary, the matter goes before the entire House for debate and vote. A majority of the House must vote in favor for a judge to be impeached, at which point the matter goes before the U.S. Senate for trial. A two-thirds majority of the Senate must vote for conviction for a judge to be removed. Pursuant to the Constitution, a judge may be removed only for "high crimes and misdemeanors."

There have been only 15 judicial impeachments in U.S. history, and only eight U.S. judges have been convicted and removed.

---

*All investigations into misconduct and implementation of measures designed to reprimand and correct misconduct, short of impeachment and removal, are conducted within the judiciary, which strengthens the judicial branch's institutional independence and protects it from the political pressures applicable to the legislative and executive branches.*

---

FEDERAL JUDICIAL CENTER
INTERNATIONAL JUDICIAL RELATIONS OFFICE
ONE COLUMBUS CIRCLE NE
WASHINGTON DC 20002-8003
WWW.FJC.GOV

### Limitations on outside income prevent judges from entering into employment or income-generating contracts that would inhibit independence

By statute, outside income is limited to 15% of the judge's base salary. Judges are forbidden from receiving a fee for giving a speech or writing an article. They may, however, receive book royalties or a teaching salary subject to the 15% limitation. They may also receive income not subject to the 15% limitation from pensions, annuities, deferred compensation, investments, solely owned or family-owned businesses, and the sale of intellectual property.

Judges are required to file financial reports, reviewed annually by the Judicial Conference's Committee on Financial Disclosure, to ensure compliance with limitations on outside income. (Judges are also subject to ethics and conduct rules applicable to other federal employees.)

### Laws requiring judges to remove themselves from hearing certain cases eliminate opportunity for bias

Judges must remove themselves when their impartiality may reasonably be questioned. Parties may waive disqualification except in the following circumstances, which may never be waived:

- having personal knowledge of disputed facts
- belonging to a law firm that handled the same matter during the judge's employment
- being related to an attorney in a case
- having any financial interest in a party to the litigation, or a spouse or minor child with such an interest
- serving as counsel in the case before becoming a judge

A party may petition to remove a judge on any of these grounds, and the judge must decide whether any of these grounds exist. The judge's decision not to recuse is subject to appellate review. If the reviewing court finds the judge's refusal to recuse in error, the reviewing court may order the judge's removal, and a misconduct complaint may be initiated against the judge.

### The judiciary's code of conduct provides nonbinding ethical guidelines for federal judges

In 1973, the Judicial Conference adopted the Judicial Code of Conduct. The Conference's Code of Conduct Committee continues to monitor the code, recommend amendments, and issue advisory opinions regarding the code.

The code's five canons are

- A judge should uphold the integrity and independence of the judiciary.
- A judge should avoid impropriety and the appearance of impropriety in all activities.
- A judge should perform the duties of the office fairly, impartially, and diligently.
- A judge may engage in extrajudicial activities that are consistent with the obligations of a judicial office.
- A judge should refrain from political activity.

Though nonbinding, the Code of Conduct is widely followed and regularly consulted by members of circuit judicial councils and the Judicial Conference when assessing alleged misconduct and deciding whether corrective measures are warranted. Any judge may contact a member of the Code of Conduct Committee for confidential advice on how to comply with the provisions of the code.*

### The Judicial Conduct and Disability Act of 1980 provides procedures for the judiciary to investigate and discipline misconduct of federal judges

Any litigant, attorney, or other member of the public may file with the clerk of the court of appeals for the circuit a written complaint alleging a judge's misconduct. A chief circuit judge may also independently institute an investigation into possible misconduct.

Complaints must be about judicial misconduct (e.g., conflict of interest, bias, or other ethical violations) and not about the substance of a judge's decision. The chief circuit judge reviews the complaint. If the complaint is not about judicial misconduct, is not factually supported, or corrective action has already been taken, the chief judge dismisses the complaint. If allegations are "reasonably in dispute," the complaint is referred to a special committee, created to investigate the complaint, comprising an equal number of circuit and district judges.

---

* The U.S. Code of Conduct is similar to the United Nations' Bangalore Principles of Judicial Conduct, adopted in 2002. The Bangalore Principles serve as a model for nations adopting their own judicial codes of conduct.

    A. Allowed Jonathan Tand (Lucio's former lawyer) Brain Cogan deprive Lucio of his rights in Doc. No 37 to plead his case because Cogan's threat benefited Randi Weingarten and
    B. According to the panel of judge, Brain Cogan was providing Lucio with

6. I, Lucio Celli, declare under the penalty of perjury that (a) I have read Rules 1 and 2 of the Rules Governing Complaints of Judicial and Disability, and (b) the statement made in this complaint are true and correct to the best of my knowledge

_____
Lucio Celli, pro se

I, Lucio Celli, need more time to craft a complaint because no notice was sent and I only had a few days to research.

COMPLAINT OF JUDICIAL MISCONDUCT OR DISABLITY BECAUSE HON. BROIDE AND HON. MANN ISSUED ORDERS AND OPINIONS AFTER BEING NOTIFIED THAT THEY HAD PERSONAL KNOWLEDGE OF ELIZABETH COMIBER'S MISCONDUCTION - 5