UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

ELIZABETH BETSY COMBIER,

                                      Plaintiff,                      **MEMORANDUM & ORDER**
                                                                                 17-CV-2239 (MKB) (RLM)

                  v.

FRANCESCO PORTELOS, LUCIO CELLI,
BRYAN GLASS, ESQ., JORDAN HARLOW,
ESQ., CARMEN FARINA, and NEW YORK CITY
DEPARTMENT OF EDUCATION,

                                      Defendants.

LUCIO CELLI,

                                   Counterclaimant,

                  v.

ELIZABETH BETSY COMBIER,

                                   Counter-Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Elizabeth Betsy Combier, proceeding *pro se*, commenced the above-captioned action on April 13, 2017, against Defendants Francesco Portelos, Lucio Celli, Bryan Glass, Esq., and Jordan Harlow, Esq. (the "Individual Defendants"), and against the New York City Department of Education (the "DOE") and Carmen Fariña, the former Chancellor of the DOE, (together, the "DOE Defendants"). (Compl., Docket Entry No. 1.) Plaintiff filed an Amended Complaint on April 28, 2017, (Am. Compl., Docket Entry No. 5), and subsequently filed a Second Amended Complaint on December 12, 2017, asserting violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*. ("CFAA"), the Stored Communications Act, 18 U.S.C.

§ 2701 *et seq.* ("SCA"), constitutional violations under 42 U.S.C. § 1983, and various claims under New York state law, (Sec. Am. Compl. ("SAC"), Docket Entry No. 39). Defendants moved to dismiss the SAC for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Celli Mot. to Dismiss ("First Celli Mot."), Docket Entry No. 44; Portelos Mot. to Dismiss ("Portelos Mot."), Docket Entry No. 57; DOE Defs. Mot. to Dismiss ("DOE Defs. Mot."), Docket Entry No. 51; Glass and Harlow Mot. to Dismiss ("Glass and Harlow Mot."), Docket Entry No. 68 (collectively "Mots. to Dismiss").) Celli also separately moved to dismiss the SAC for failure to prosecute. (Mot. to Dismiss ("Second Celli Mot."), Docket Entry No. 60.) On April 4, 2018, the Court referred Defendants' motions to Magistrate Judge Roanne L. Mann for a report and recommendation. (Order dated Apr. 4, 2018.)

By report and recommendation dated July 5, 2018 (the "R&R"), Judge Mann recommended that the Court grant the motions to dismiss pursuant to Rule 12(b)(6). Plaintiff filed objections to the R&R on July 23, 2018. (Pl. Obj. to R&R ("Pl. Obj."), Docket Entry No. 138.) For the reasons set forth below, the Court adopts the R&R in its entirety.

Celli also filed counterclaims against Plaintiff, as well as various additional motions. (*See* Def. Countercl., Docket Entry No. 46; (Mot. for Statement, Docket Entry No. 45; Mot. to Stay Seal, Docket Entry No. 61; Mot. to Unseal, Docket Entry No. 62.) The Court also considers Celli's counterclaims and motions. For the reasons set forth below, the Court dismisses Celli's counterclaims and motions.

I. **Background**

   a. **Factual background**

The Court assumes the truth of the factual allegations in the SAC for the purposes of this Memorandum and Order.

2

This case involves what is essentially a dispute between private parties competing to represent tenured New York City public school teachers in disciplinary hearings ("3020-a hearings"). (*See generally* SAC.) Since 2010, Plaintiff has been self-employed as an advocate for tenured New York City public school teachers subject to 3020-a hearings, and also assists attorneys in such hearings. (*Id*. at 5, 15.)[1] She is also the editor of several websites and blogs pertaining to education and her advocacy practice. (*See id*. at 6.) Plaintiff alleges that in an effort to destroy her business as a non-attorney advocate, the Individual Defendants engaged in a scheme to hack into her website, alter the content of her blog, and disseminate false information about her, through, *inter alia*, internet postings and mass emails. (*See id.*) The Individual Defendants "broadcast[ed]" a false accusation that Plaintiff was practicing law without a license and should be prosecuted for participating in 3020-a hearings. (*Id*. at 20.)

Beginning in 2011, Plaintiff worked with attorneys Glass and Harlow on 3020-a hearings. (*Id.* at 8, 15.) At some point thereafter, Glass and Harlow sought to steal Plaintiff's clients, in part by speaking negatively about Plaintiff to her clients. (*Id.* at 8–10, 15.) Beginning in September of 2015, Celli, a DOE teacher acting at the direction of Portelos, another DOE teacher, engaged in a scheme designed to harm Plaintiff's business by defaming Plaintiff and her friends, thereby denying her "the right to earn money." (*Id.* at 8, 19.) From November of 2015 to the present, Portelos and Celli also spread negative information about Plaintiff through mass emails and postings on Portelos' Facebook page, website, and other social media. (*Id*. at 20–21.) In March of 2016, Celli sent a series of emails to about fifty addresses, including those of the Manhattan and Bronx District Attorneys and other public officials and members of the media,

---

[1] Because Plaintiff's filings are not consecutively paginated, the Court refers to the electronic document filing system ("ECF") pagination.

3

accusing Plaintiff of working against teachers and colluding with the General Counsel of the DOE. (*Id*. at 21.) In July or August of 2016,[2] Portelos hacked into Plaintiff's blog, "NYC Rubber Room Reporter," deleted a section titled "The 3020-a Arbitration Newswire," and, on September 30, 2016, added the deleted section to his own website. (*Id.* at 7, 22.)

Portelos, Celli, Glass and Harlow also created a poster of Plaintiff, threatening her with criminal prosecution for allegedly posting a former client's Social Security number on her website (the "Poster"). (SAC 22, 23; *see also* Pl. Opp'n to Mots. to Dismiss ("Pl. Opp'n") at 55, Docket Entry No. 67).) On September 21, 2017, "[w]ith the support of the [I]ndividual Defendants in this case," Plaintiff's former client filed a complaint against Plaintiff with the West Milford, New Jersey, Police Department for posting his Social Security number. (*Id*. at 23, 25.) Individual Defendants used the Poster to solicit Plaintiff's former clients to "sign up" to be refunded the money they had paid Plaintiff. (*Id.* at 23–24.)

On October 19, 2016, Portelos sent an email to teachers in New York City and Los Angeles, warning them about Plaintiff rendering "illegal legal consultation" to a teacher in connection with the teacher's 3020-a hearing. (*Id*. at 24.) Portelos posted articles on another blog, "nycrubberroom.com," and listed Plaintiff's foundation, the E-Accountability Foundation, as the owner of the blog with Plaintiff's home address and telephone number, without Plaintiff's knowledge. (*Id*. at 25.) As a result, in March of 2017, a photographer threatened Plaintiff with a federal lawsuit for posting a photograph taken by him on the blog without his authorization. (*Id*.) On December 4, 2017, Portelos posted false information on the website for UFT Solidarity, an advocacy group he started and of which Celli is a member, alleging that the Manhattan District

---

[2] On page seven of the SAC, Plaintiff alleges that the hacking occurred in July of 2016, (SAC 7), while on page twenty-two, she alleges that the hacking occurred in August of 2016, (*id.* at 22).

Attorney's Office was investigating Plaintiff.  (*Id.* at 25.)

The SAC contains virtually no allegations regarding Chancellor Fariña or the DOE.  (*See generally id.*)  Plaintiff contends that the DOE "bears vicarious liability" for the acts of the Individual Defendants for failing to supervise its employees and enforce its internet and computer abuse policies.  (*Id.* at 11.)  According to Plaintiff, the DOE was aware of the Individual Defendants' scheme to malign Plaintiff's reputation but did not act to prevent it.  (*Id.* at 19.)  In addition, Plaintiff alleges that Celli and Portelos sent the mass emails disparaging Plaintiff using their DOE email addresses and/or DOE computers during the school day, in violation of DOE policies, without repercussion.  (*Id.* at 26.)

## b. Procedural background

Plaintiff, initially represented by counsel, commenced this action on April 13, 2017, (Compl.), and amended her Complaint on April 28, 2017, (Am. Compl.).  Following the withdrawal of Plaintiff's counsel, (*see* Order dated Aug. 22, 2017, Docket Entry No. 31), Defendants requested a pre-motion conference in anticipation of filing motions to dismiss, (Mot. for PMC, Docket Entry No. 26).  At a pre-motion conference held on October 3, 2017, the Court dismissed Plaintiff's section 1983 claims against Defendants and granted Plaintiff thirty days to further amend her pleading to assert facts supporting a federal claim.  (*See* Minute Order dated Oct. 3, 2017.)  Plaintiff filed the SAC on December 12, 2017, restating her claims under section 1983 and adding federal claims under the CFAA and SCA.  (*See* SAC.)  In response, Defendants moved to dismiss.  (*See* Mots. to Dismiss.)

## c. Judge Mann's recommendations

Judge Mann recommended that the Court grant Defendants' motions to dismiss the SAC. (*See* R&R.)  Judge Mann found the SAC fails to satisfy the pleading requirements of Rule 8 of

5

the Federal Rules of Civil Procedure because it is "rambling," "filled with extraneous details," and "fails to differentiate among the various defendants." (*Id.* at 10.)

Judge Mann also found that Plaintiff's section 1983 claims against the Individual Defendants fail because they were not acting under color of state law with respect to the alleged wrongful conduct. (*Id.* at 10–15.) Judge Mann also found that section 1983 liability does not attach to the DOE because (1) the DOE had no duty to protect Plaintiff from private conduct, (2) Plaintiff has not alleged the existence of a municipal policy, custom, or practice that caused the claimed civil rights violation, and, (3) even if Portelos and Celli acted under color of law, municipalities are not liable under section 1983 for the actions of their employees. (*Id.* at 15–18.) As to the section 1983 claims against Fariña, Judge Mann found that she could not be liable under section 1983 absent personal involvement or constitutional violations by either Portelos or Celli. (*Id.* at 18–19.)

In addition, Judge Mann recommended that the Court dismiss Plaintiff's CFAA claims against Portelos and Celli because Plaintiff alleges only "non-economic losses such as reputational harms and emotional distress," and her claim that an interruption in service caused her $5000 in lost business revenue is unsupported. (*Id.* at 22.) Judge Mann also concluded that Glass, Harlow and the DOE Defendants cannot be liable under the CFAA because, even assuming Plaintiff has alleged a CFAA claim against Portelos and Celli, she has not alleged any direct conduct or agency relationship. (*Id.* at 23.)

Judge Mann found that Plaintiff's SCA claims fail because Plaintiff has not alleged that (1) "her website is an 'electronic communications service,'" (2) "defendants' accessed electronic communications in 'electronic storage,'" or (3) Plaintiff's website was "restricted from public view." (*Id.* at 25–28.)

6

Judge Mann recommended that the Court deny Celli's motion to dismiss for lack of prosecution because Celli fails to provide a basis for the Court to dismiss the SAC on this ground, and as moot if the Court adopts the R&R with respect to the other recommendations. (*Id*. 31.)

Lastly, having concluded that all of Plaintiff's federal claims fail, Judge Mann recommended that the Court decline to exercise supplemental jurisdiction over the remaining state law claims, and deny leave to amend. (*Id.* at 29–31.)

## II. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding "general objection[s] [to be] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, --- F.

App'x ---, ---, 2018 WL 2277791, at *1 (2d Cir. May 18, 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

  ii. **Rule 12(b)(6)**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the Plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

  b. **Unopposed recommendations**

No party has objected to the recommendation that the Court dismiss Plaintiff's SCA

8

claims,³ or the recommendation that the Court deny Celli's motion to dismiss for lack of prosecution. In addition, because Plaintiff raises only general and conclusory objections to Judge Mann's findings with respect to the DOE Defendants, the clear error standard applies to these objections. (*See* Pl. Obj. 10 ("Magistrate Mann states that there are no allegations regarding Chancellor Farina or the DOE in my SAC. [Plaintiff] object[s], and ask[s] for reconsideration of this issue."); *Benitez*, 654 F. App'x at 503–04. The Court has reviewed these recommendations for clear error. Finding no clear error, the Court adopts Judge Mann's R&R as it relates to the SCA claims, Celli's motion to dismiss for failure to prosecute, and the DOE Defendants.

### c. Plaintiff's objections to the R&R

Plaintiff raises two primary objections to the R&R. First, Plaintiff objects to Judge Mann's recommendation that the Court dismiss the section 1983 claims against the Individual Defendants, arguing that they are "state actors in this matter." (Pl. Obj. 2.) Second, Plaintiff objects to Judge Mann's analysis of the CFAA for failing to consider her claim for "improper access to information." (*Id*. at 3.)

#### i. Section 1983 claims against the Individual Defendants

Plaintiff argues that Portelos and Celli acted as "educators and state actors," who "colored themselves with the law" because they acted as law enforcement when "they took on duties allowed only by the State, namely posting online notices that [Plaintiff] was a criminal, and thief." (*Id*. at 2–3.) In addition, Plaintiff alleges that Glass and Harlow "are also state actors

---

³ Although Plaintiff does not specifically object to Judge Mann's finding that her SAC does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, the Court construes Plaintiff's arguments as to the general sufficiency of her pleadings as an objection to this finding. (*See* Pl. Obj., Docket Entry No. 138.)

9

in this matter, because they worked closely and collaborated with Portelos and Celli as they created a scheme to deny me my livelihood." (*Id.* at 2.)

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

"To act under color of state law or authority for purposes of section 1983, the defendant must 'have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)); *see United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999). "It is 'axiomatic that under color of law means pretense of law and that acts of officers in the ambit of their personal pursuits are plainly excluded.'" *Monsky*, 127

10

F.3d at 245 (quoting *Pitchell v. Callan*, 13 F.3d 545, 547–48 (2d Cir. 1994)). Furthermore, "[m]ore is required than a simple determination as to whether [the defendant] was on or off duty when the challenged incident occurred . . . . In short, courts look to the nature of the [defendant's] act, not simply his duty status." *Pitchell*, 13 F.3d at 548.

Portelos and Celli are not subject to liability under section 1983 by virtue of their employment with the DOE alone. *See Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996); *Isaacs v. City of New York*, No. 10-CV-4177, 2012 WL 314870, at *2 (E.D.N.Y. Feb. 1, 2012) ("The fact that a defendant is on-duty is not sufficient to show that he or she acted under color of law."). Plaintiff does not allege that either Portelos or Celli used or abused apparent state authority as an employee of the DOE in furtherance of their conspiracy to undermine Plaintiff's business. Instead, Plaintiff identifies only private conduct including social media posts, emails, and attempts to take Plaintiff's clients. Moreover, based on Plaintiff's allegations, Portelos and Celli appear to have distanced themselves from the DOE, accusing Plaintiff of colluding with the DOE's General Counsel, (SAC 21), and attempting to represent Plaintiff's clients in proceedings *against* the DOE, (*see generally id.*).

Plaintiff's argument that Portelos and Celli acted under color of law as law enforcement in alleging that she is a criminal also fails. (Pl. Obj. 3.) Portelos and Celli were employed by the DOE, not any law enforcement agency, and had no real or apparent authority conferred by the state to denounce Plaintiff as a criminal. As a result, even if Portelos and Celli took it upon themselves to act as law enforcement officers, they were not "exercis[ing] power possessed by virtue of state law and made possible only because the wrongdoer[s] [are] clothed with the authority of state law." *See Monsky*, 127 F.3d at 245.

Finally, because the Court concludes that neither Portelos nor Celli acted under color of

11

law, Glass and Harlow cannot, as private parties, be liable under section 1983 by virtue of an alleged conspiracy with Portelos and Celli. *See Hooda*, 659 F. Supp. 2d at 392–93. Accordingly, the Court dismisses Plaintiff's section 1983 claims against the Individual Defendants.

### ii. Computer Fraud and Abuse Act claim

Plaintiff objects that Judge Mann failed to analyze her CFAA claim for "improper access to information and data" and focused only on claims under the CFAA "where a computer is destroyed." (Pl. Obj. 3.)

"The CFAA, in relevant part, provides a private federal cause of action against a person who 'intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer.'" *Ramirez v. SupportBuddy Inc.*, No. 17-CV-5781, 2018 WL 2089362, at *4 (S.D.N.Y. May 4, 2018) (quoting *Jet One Grp., Inc. v. Halcyon Jet Holdings, Inc.*, No. 08-CV-3980, 2009 WL 2524864, at *5 (E.D.N.Y. Aug. 14, 2009)); *see* 18 U.S.C. § 1030(a)(2). The CFAA provides a private right of action where, *inter alia*, a party has suffered damages and a loss of at least $5000 during a one-year period. *See* 18 U.S.C. § 1030(c)(4)(A)(i)(1)). The CFAA defines "loss" as

> [A]ny reasonable cost to any victim, including the cost of responding to an offense, conducting a damage[4] assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

*See Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559, 562 (2d Cir. 2006) (citing 18 U.S.C. § 1030(e)(11).

Contrary to Plaintiff's assertion, Judge Mann did consider her claim that Portelos

---

[4] "Damage" is defined as "any impairment to the integrity or availability of data, a program, a system, or information." *See* 18 U.S.C. § 1030(e)(8).

12

improperly accessed her data and found that Plaintiff could not sustain a claim for such harm absent specific allegations as to the source and amount of her damages and loss. (R&R 21–22 (finding that Plaintiff fails to allege economic losses resulting from alleged deletion of content).) As Plaintiff notes in her SAC, she must allege damages in the amount of at least $5000 as a "threshold requirement" under the CFAA under a theory of "improper access to information." (SAC 13; *see also Ramirez*, 2018 WL 2089362, at \*4.) However, Plaintiff does not object to Judge Mann's finding that her allegation of $5000 in losses is implausible in light of her assertion that the content was restored to her website within one week. (*See* R&R 22 (citing *Nexans Wires S.A.*, 166 F. App'x at 562–63; *Jensen v. Cablevision Sys. Corp.*, 17-CV-00100, 2017 WL 4325829, at \*13 (E.D.N.Y. Sept. 27, 2017) (finding improbable that extra electricity costs caused by wireless router approached $5000)).) Nor does Plaintiff object to Judge Mann's finding that Plaintiff has not identified any basis for imposing a duty on any of the other Defendants. (*See* R&R 23.) Accordingly, the Court reviews these findings for clear error. Finding none, the Court adopts Judge Mann's findings with respect to Plaintiff's CFAA claim and dismisses this claim.

    **d. State law claims**

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) ("District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction."); *see also All. of. Auto. Mfrs., Inc., v. Currey*, 610 F. App'x 10, 14 (2d Cir. 2015) (holding that it was "not improper for the court to decline to exercise its supplemental jurisdiction" after it properly dismissed the plaintiff's federal claims); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("[I]f the federal claims are dismissed

13

before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (alteration in original) (quoting *Castellano v. Bd. of Trs.*, 937 F.3d 752, 758 (2d Cir. 1991))). Accordingly, the Court dismisses Plaintiff's state law claims without prejudice.

      **e.  Leave to amend**

Judge Mann recommended that the Court deny Plaintiff leave to amend because she has already amended her Complaint twice, once with the assistance of counsel, and has not only failed to cure the deficiencies identified by the Court at the pre-motion conference and in the October 3, 2017 Order, but instead, "added two entirely new but facially deficient federal claims." (R&R 29.) Plaintiff does not object to this finding, request leave to amend to file a Third Amended Complaint, or offer any facts suggesting she could cure the deficiencies in her claims. (*See* Pl. Obj.) As a result, the Court dismisses Plaintiff's SAC without leave to amend.

      **f.  Celli's counterclaims**

Celli filed counterclaims against Plaintiff on January 03, 2018, alleging breaches of the CFAA ("Counterclaims"). (Def. Countercl.) Celli's Counterclaims focus on *Plaintiff's* CFAA claim against Celli. (*See generally id.*) Celli also appears to allege that Plaintiff violated the CFAA when she used her husband's password, obtained through his employment with Hunter College, to gain access to certain legal search engines, including Pacer and Lexis Nexis. (*Id*. at 1–2.) Celli further alleges that Plaintiff violated the CFAA through harassing posts on various social media platforms in violation of those platforms' terms of service. (*Id*. at 6.) As to damages, Celli asserts only that he "is claiming a loss under the statute due to [r]esponse of being part of mob/mafia, being HIV positive, being a harasser of Betsy, and responding to Betsy's

14

friends harassing him, which Lucio's hourly wage is 75 dollars an hour."[5] (*Id*. at 11.)

Plaintiff responded to Celli's Counterclaim in her opposition to the motions to dismiss, stating "Celli's Counterclaims make no sense" and that she is "at a loss to know how to answer his Counterclaims." (Pl. Opp'n 33.)

Although Plaintiff has not moved to dismiss the Counterclaims, the Court dismisses the claims *sua sponte* as frivolous. *See* Fed. R. Civ. P. 12(h)(3); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000) (holding that district courts may dismiss a frivolous complaint *sua sponte*); *see also MacKinnon v. City of New York/Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) ("A district court has the inherent authority to dismiss an action that 'lacks an arguable basis either in law or in fact' regardless of whether the plaintiff has paid the filing fee[.]'" (first quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); and then citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d at 363–64)).

Celli's CFAA claims lack any basis in law or fact. As discussed above, to state a claim under the CFAA, Celli must, *inter alia*, allege that Plaintiff "intentionally accesse[d] a computer without authorization," and obtained "information from any protected computer," resulting in losses of $5000. *See Ramirez*, 2018 WL 2089362, at *4. Celli fails to allege that Plaintiff obtained information from a protected computer or that he suffered any amount of loss or damage. *See Nexans Wires S.A.*, 166 F. App'x at 562 (dismissing CFAA claim where the plaintiff failed to identify losses resulting from an impairment or unavailability of its data or systems). Accordingly, the Court dismisses Celli's Counterclaims as frivolous. *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (finding an action is frivolous when

---

[5] To the extent Celli is attempting to assert a state law defamation claim, the Court declines to exercises supplemental jurisdiction over any such claim in light of the dismissal of the SAC.

"the claim 'is based on an indisputably meritless legal theory'" (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990))).

### g. Celli's additional motions

Celli has filed a number of additional motions with the Court, including a motion for a statement of damages from Plaintiff, (Mot. for Statement), a motion to stay a court order to seal documents, (Mot. to Stay Seal), and a motion to unseal documents, (Mot. to Unseal). For the reasons discussed below, the Court denies these motions.

#### i. Motion for a statement of damages

Celli moves pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure for Plaintiff to provide a "Statement of Damages setting the nature and amount of the damages being sought against Defendant, Lucio Celli." (*See* Mot. for Statement.)

Having dismissed Plaintiff's SAC, the Court denies Celli's motion as moot.

#### ii. Motions related to sealed documents

On January 9, 2018, Plaintiff moved for the Court to seal or redact certain information filed by Celli related to her disability and her husband, a nonparty. (Mot. to Seal, Docket Entry No. 50.) On February 9, 2018, the Court granted Plaintiff's motion and ordered Defendants "to seal motion papers with personal information and to file redacted documents on the public docket" ("February 9, 2018 Order"). (Order dated Feb. 9, 2018.) Celli moved on February 23, 2018, to stay the Court's order sealing certain documents, arguing that (1) he was deprived of notice and due process with respect to Plaintiff's motion to seal; (2) the order does not cover all documents referencing the information sealed; and (3) the sealed information is essential to his defense of duress and counterclaims. (*See* Mot. to Stay.) Celli filed a second motion seeking to unseal the documents covered in the Court's February 9, 2018 Order, arguing that Plaintiff did

16

not show "real harm" or a compelling interest in secrecy and because courts "should not make decisions about the fairness or privacy of the facts related to defendant's counterclaim and duress without public over-sight and the public cannot judge the fairness of [Celli's] claims if the public cannot see it." (Mot. to Unseal 5, 8.)

There is a common law presumption in favor of access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 516–17 (E.D.N.Y. 2011) (holding that there is a presumption of a public right to view judicial documents). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). "Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.* The presumption of accessibility is "stronger" when "the documents . . . at issue are of a type routinely filed by the court and generally accessible." *Ghadersohi v. Health Research, Inc.*, No. 10-CV-144, 2014 WL 1513916, at *1 (W.D.N.Y. Apr. 16, 2014). Lastly, the court must "balance competing considerations" against the weight of the presumption of access. *Lugosch*, 435 F.3d at 120.

The First Amendment also provides a qualified right of public access "to civil trials and to their related proceedings and records." *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012). Under the "more stringent First Amendment framework . . . sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "[D]ocket sheets enjoy a presumption of openness and . . .

17

the public and the media possess a qualified First Amendment right to inspect them." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004). "Similarly, a presumption of public access attaches to a court's decisions." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017).

"Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch*, 435 F.3d at 124. Under the common law approach, "countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* at 120. The party requesting the sealing of judicial documents bears the burden of overcoming the presumption of public access. *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Celli's voluminous, and at times irrelevant, filings in this matter implicate the privacy interests of Plaintiff and her husband sufficient to warrant the Court's order to seal. *See Under Seal*, 273 F. Supp. 3d at 470. Celli has provided no basis to overturn the Court's order. Accordingly, the Court denies Celli's motion to unseal documents.

### III. Conclusion

For the foregoing reasons, the Court adopts Judge Mann's R&R and dismisses the SAC with prejudice. In addition, the Court dismisses Celli's Counterclaims and denies Celli's motions with respect to Plaintiff's stated damages and sealed documents. The Clerk of Court is direct to close this case.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: September 28, 2018
 Brooklyn, New York