# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand nineteen.

PRESENT:
            PIERRE N. LEVAL,
            DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, Jr.,
                *Circuit Judges.*
_____

**Elizabeth Betsy Combier,**

            *Plaintiff-Counter-Defendant-Appellant*,

            v.                                                                             18-3230

**Francesco Portelos, Bryan Glass, Esq., Jordan Harlow, Esq., Carmen Farina, Chancellor of The New York City Department of Education, and New York City Department of Education, all sued individually and officially,**

            *Defendants-Appellees*,

**Lucio Celli,**

            *Defendant-Counter-Claimant-Appellee*.
_____

FOR PLAINTIFF-APPELLANT:                    Elizabeth Betsy Combier, pro se, New York, NY.

| | |
|---|---|
| **FOR DEFENDANTS-APPELLEES:** | Kathy Park, Yasmin Zainulbhai, of Counsel, for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY (*for* the New York City Department of Education, Carmen Fariña, Chancellor of the New York City Department of Education); |
| | Jordan Harlow, Esq., Glass & Hogrogian LLP, New York, NY (*for* Bryan Glass, Esq., Jordan Harlow, Esq.); |
| | Francesco Portelos, pro se, Staten Island, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Elizabeth Betsy Combier, proceeding pro se, sued the New York City Department of Education ("DOE") and Carmen Fariña, the former Chancellor of the DOE (together, the "DOE defendants"), two attorneys, Bryan Glass and Jordan Harlow, and two NYC public school teachers employed by the DOE, Francesco Portelos and Lucio Celli (collectively, the "individual defendants"). Combier was a self-employed, non-attorney advocate for New York City public school teachers who were subjected to disciplinary hearings and alleged that the individual defendants conspired to defame her and ruin her business and that the DOE defendants were aware of their behavior and failed to prevent it. Her complaint contained causes of action under 42 U.S.C. § 1983; the Constitution; the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq.; and the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 et seq. The magistrate judge (Mann, *C.M.J.*) recommended that the district court grant the defendants'

motions to dismiss for failure to state a claim. The district court adopted the recommendation in its entirety. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6) or Rule 8. *Forest Park Pictures v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012) (Rule 12(b)(6)); *Harnage v. Lightner*, 916 F.3d 138, 140 n.2 (2d Cir. 2019) (Rule 8).

Failure to timely object to a magistrate judge's report and recommendation ("R&R") "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); *see Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that, when a litigant is pro se, an R&R's warning must state the consequences of failure to object and must cite 28 U.S.C. § 636(b)(1) and applicable rules of civil procedure). This waiver rule is non-jurisdictional and may be excused "in the interests of justice" if "the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent*, 219 F.3d 162, 174 (2d Cir. 2000) (internal quotation marks omitted).

The magistrate judge recommended the dismissal of Combier's constitutional and state law claims and warned Combier that failure to timely object to the R&R would waive appellate review, citing the applicable statute, rules, and caselaw. Because Combier did not object to that recommendation, the district court did not err in declining to address those claims, and Combier has waived further judicial review. *See Male Juvenile (95-CR-1074)*, 121 F.3d at 38–39.

Combier objected to the recommendation to dismiss her CFAA claims, but her argument before the district court was different from the argument she presses on appeal. In objecting to

3

the R&R, Combier argued generally that the magistrate judge should have considered that Portelos improperly obtained access to her data when he hacked her blog.  However, on appeal, she pursues a different argument: that she sufficiently alleged $5,000 of damages.  Because the argument she raised in her objections was different from the one raised on appeal, we deem both arguments waived.  *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)); *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).

The district court correctly found that Combier did not object to dismissal of her SCA claims.  The only statement in Combier's objection that could have been construed as an opposition to the dismissal of the SCA claims was her statement that "[m]y blog is an electronic communication service, has emails, and people email me every day."  It is of course true that pro se submissions must be construed liberally, but an objection that amounts to a "bare statement, devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority" is not sufficient to preserve a claim for review.  *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).  Because Combier's objection amounts to a "bare statement" with no elaboration or citation to legal authority, the district court did not err in finding that Combier waived objection to dismissal of the SCA claim.

The district court properly dismissed Combier's § 1983 claims.  A plaintiff asserting a claim of violation of her constitutional rights under § 1983 is "required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003).  When determining whether the defendant is a state actor, we "begin by identifying the specific conduct of which the plaintiff

4

complains." *Id*. (internal quotation marks omitted). A defendant's employment status is not dispositive; rather, a tort committed by a public employee is under color of state law only if it is "committed in the performance of an actual or pretended duty." *Bonsignore v. City of New York*, 683 F.2d 635, 639 (2d Cir. 1982) (internal quotation marks omitted). Otherwise, it falls "in the ambit of his personal pursuits" and, though it may be a tort, is not actionable under § 1983. *Id*. (internal quotation marks omitted); *see also Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994) ("The *Bonsignore* panel's focus on actual or pretended duty aptly synthesizes the color of law inquiry."); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150 (3d Cir. 1995) ("It is well settled that an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state.").

If the defendant is a private entity, its conduct "must be fairly attributable to the state," which can occur only if there is "a close nexus between the State and the challenged action," such that "seemingly private behavior may be fairly treated as that of the State itself." *Tancredi*, 316 F.3d at 312 (internal quotation marks omitted). A state's "approval or acquiescence" is not sufficient; rather, the state must exercise "coercive power," or be "entwined in the management or control" of the conduct at issue. *Id*. at 313 (internal quotation marks and alterations omitted).

Applying these standards here, we conclude that the district court did not err when it determined that Portelos and Celli, though DOE employees, were not "state actors" for the purposes of § 1983. Combier claimed that Portelos hacked into Combier's blog and deleted content, and advised teachers facing 3020-a hearings that they should not hire non-attorneys such as Combier. Celli, in turn, and acting at Portelo's direction, "created a national profile" of Combier that portrayed her in an unflattering light. And the two of them then allegedly embarked

5

on a scheme "to deny Plaintiff her right to earn money as a non-lawyer advocate by characterizing her as a criminal, fabricating laws that they claimed she was breaking, and hacking into her website to enrich themselves." These allegations, even if true, do not establish that Portelos or Celli undertook an "actual or pretended duty" at the direction of the DOE, or that their attempts to defame her and harm her business were possible only because they were cloaked with DOE authority. Rather, the only allegations that tie Portelos and Celli to state action are their employment status, their use of work email accounts during work hours, and the DOE's alleged failure to prevent their actions. But the fact that misconduct may have occurred during work hours or with work-issued equipment is not dispositive; "[m]ore is required than a simple determination as to whether an officer was on or off duty when the challenged incident occurred." *Pitchell*, 13 F.3d at 548; *see also id.* (officer did not act under color of state law even though he used state-issued bullets).

We agree with the district court that if Portelos and Celli, both public employees, were not acting under color of state law, then Glass and Harlow, both private attorneys, could not have been either. *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (to state claim against private actor, "the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act").

Concerning the DOE defendants, Combier argues on appeal that the DOE should have prevented Portelos and Celli from committing their alleged "misconduct." But, as discussed above, Portelos and Celli's alleged scheme was undertaken in their private capacities, and a municipal entity cannot be liable under § 1983 absent an underlying independent constitutional violation by a state actor. *See, e.g., Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)

(municipal organization can be held liable "where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation"). Further, it is well established that states (or municipal entities) cannot be held liable under § 1983 for failing to protect their citizens from private misconduct. *See Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). A plaintiff suing a municipality under § 1983 must plausibly allege the existence of a municipal policy, custom, or practice that caused the claimed civil rights violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978). Combier did not allege that the DOE had a policy, custom, or practice that harmed her and, therefore, the DOE cannot be held liable under § 1983. Moreover, Combier does not press any claims against Fariña on appeal, and has thus abandoned any claims against her. *See Moates*, 147 F.3d at 209.

Finally, Celli submitted papers in advance of argument in which he appeared to challenge the district court's dismissal of his counterclaims and denial of various motions. We decline to consider these arguments both because they are untimely and because Celli did not file a notice of appeal. *See* Fed. R. App. P. 4(a)(3) (cross appeal must be filed within 14 days of first notice of appeal).

We have considered all of Combier's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



7

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit