Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
718-547-9675



UNITED STATES COURT FOR THE

EASTERN DISTRICT OF NEW YORK

ELIZABETH COMBIER,

Plaintiff,

vs.

Portelos, et al.,

                  Defendants

Vs.

Lucio Celli

        Defendant -Counter Claimant

Case No.: 17-CV-2239 (KAM) (RLM)

**Motion for sanctions pursuant to rule 11 against Attorney Ian William Foster of Corporation Counsel for NYC because he lacks candor towards the court**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 27 2022 ★

BROOKLYN OFFICE

Dear Hon. Matsumoto:

    I am seeking sanctions against Mr. Foster, of Corporation Counsel, because of his lack of candor and pure misrepresentation. Below I will discuss how Mr. Foster is committing fraud upon the fraud, but I require access to my computer to cite court case that are relevant here. Therefore, I ask Your Honor to order probation to provide me time with my computer and tablet/iPhone to form an argument and then it is up to Your Honor to accept it or not.
Remedy

    Your Honor has the authority, if you chose, to entertain a motion for sanctions and hold a hearing on the topic—if there is a violation in Your Honor's mind. *See* <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32 (1991) — Although interpreting the district court's inherent power to sanction, not Rule 11, the Court rendered the relevant holding that a court's authority to sanction under its broad inherent power is not limited by the fact that more narrowly tailored procedural provisions, such as Rule 11 or section 1927, could govern the same conduct.

MOTION FOR SANCTIONS PURSUANT TO RULE 11 AGAINST ATTORNEY IAN WILLIAM FOSTER OF CORPORATION COUNSEL FOR NYC BECAUSE HE LACKS CANDOR TOWARDS THE COURT    - 1

## I. Legal Standards

Rule 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. *See* FED. R. CIV. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose, *see* FED. R. CIV. P. 11(b)(1); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, *see* FED. R. CIV. P. 11(b)(2); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation, *see* FED. R. CIV. P. 11(b)(3). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "'to spare innocent parties and overburdened courts from the filing of frivolous lawsuits,'" *Cappa Fund III, L.L.C. v. Actherm Holding, A.S.*, No. 3:10-cv-897- L, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011) (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)), *rec. adopted*, 2011 WL 816861 (N.D. Tex. Mar. 9, 2011).

## II. Lack of Candor Standard in the 2d. Cir.

In re Gordon, the 2d Cir. sated: Lack of Candor... is Making a false statement of material fact to the Committee obstructs the Committee's work. In the context of a comparable type of obstruction, an attorney's failure to respond to the Committee's order to show cause why he should not be disciplined, we stated the following:

> New York Rule of Professional Conduct 3.3(a)(1) **prohibits a lawyer from knowingly making "a false statement of fact ... to a tribunal,"** and Rule 3.3(a)(3) prohibits a lawyer from "offer[ing] or us[ing] evidence that the lawyer knows to be false." **As written, neither rule requires that the false fact or evidence be material, which is consistent with the legislative history of ABA Model Rule 3.3(a)(1),** which preceded and is identical to the New York rule, and which indicates that the word "material" was intentionally deleted from that portion of the rule to conform with Model

MOTION FOR SANCTIONS PURSUANT TO RULE 11 AGAINST ATTORNEY IAN WILLIAM FOSTER OF CORPORATION COUNSEL FOR NYC BECAUSE HE LACKS CANDOR TOWARDS THE COURT  - 2

Rule 3.3(a)(3). See American Bar Ass'n, A Legislative History: The Development of the ABA Model Rules of Professional Conduct, 1982–2005, 454 (2006).

I ask Your Honor to the standard of candor as you read Mr. Foster's letter to the court.

### III. Response

Mr. Foster added this statement "City Defendants also note that this Court had prior to the dismissal order previously admonished Mr. Celli for filing multiple "harassing and duplicative motions" against Plaintiff. *See* May 22, 2018, Order, Dkt. No. 135" as means to harass me and continue to deprive me equal protection of the law

I know Mr. Foster read all submissions since November of 2021, but he neglects to cite how Ms. Combier used her nonprofit foundation (her blogs) to harass me, which is illegal.

I provided names of AUSAs that I spoke to about Ms. Combier, like AUSA Gold and how the AUSA even said I was deprived equal protection of the laws

Mr. Foster knows that I was deprived of equal protection of the laws by Judge Brodie, AUSA Bensing, and AUSA Karamigious, which I have two DOJ letters saying the AUSAs committed misconduct, and this is besides what was said to me.

**Please Take Notice**, all AUSAs were surprised that Judge Brodie did not sanction Ms. Combier for her conduct and even asked me if there is a connection between Ms. Combier and Judge Brodie

**Please Take FURTHER** Notice, the AUSAs said that I was pointing out Ms. Combier's misconduct, which sanctionable, but I did not tell the AUSAs that it was planned to ignore my claims and motions because that is how Randi Weingarten, Betsy Combier and Judge Cogan planned it—according to Peter Zucker and I can only prove what he said to me.

I do not need Mr. Foster to validate what was done to me because I have AUSAs to do so for me, but I do need Mr. Foster to provide the court with a glimmer of candor.

MOTION FOR SANCTIONS PURSUANT TO RULE 11 AGAINST ATTORNEY IAN WILLIAM FOSTER OF CORPORATION COUNSEL FOR NYC BECAUSE HE LACKS CANDOR TOWARDS THE COURT  - 3

## IV. Fraud Upon the Court and Rule 60

Judge Brodie was not a neutral arbiter as required by the Due Process Clause of the 5th and 14th Amendment. According to the 2d. Cir., "fraud on the court will, most often, be found where the fraudulent scheme defrauds the "judicial machinery" or is perpetrated by an officer of the court such that they cannot perform its function as a neutral arbiter of justice. See Martina Theatres Corp. v. Schine Chain Theartres, Inc., 278 F.2d 789, 801 (2d. Cir. 1980)

What Judge Brodie couched as I harassed Ms. Combier was planned because EVERYONE outside of the 2d. Cir. said so and Judge Brodie ignored my motions for Ms. Combier's tax returns. Please refer to the motion and other documents since November of 2021 for further explanation.

Judge Brodie allowed Ms. Combier to harass me in her pleadings because Ms. Combier made knowing misrepresentation to harass me, but Mr. Foster did not read the entire docket, but I did provide examples to the AUSAs, and they could not believe that Judge Brodie allowed Ms. Combier to harass me and place my HIV status on her nonprofit blog.

Now, it is up to Judge Matsumoto to decide if she will allow me to brief a rule 60 and then decide if the argument in the brief is meritorious or not.

## V. Misrepresentations

The following are misrepresentations by Mr. Foster

A. City Defendants are confused by Mr. Celli's submissions, given the procedural history of this action as described above. It seems possible that Mr. Celli is attempting to remove a separate state court action (*see* "Answer," Dkt. No. 148 at 1; "Motion to Dismiss," Dkt.

MOTION FOR SANCTIONS PURSUANT TO RULE 11 AGAINST ATTORNEY IAN WILLIAM FOSTER OF CORPORATION COUNSEL FOR NYC BECAUSE HE LACKS CANDOR TOWARDS THE COURT - 4

No. 149 at 1), but he has failed to provide the relevant state court papers, if that is indeed his intent. Of course, Mr. Celli has also failed to comply with the removal requirements set forth in 28 U.S.C. §§ 1441 and 1446 and should not be allowed to tack on a removal request concerning a separate lawsuit to the above-captioned, now-terminated action.

    1. Mr. Forster obviously forgot that in the preconference motion, I mention to reinstate my counterclaim via rule 60

    2. It is a 1st Amendment right to petition the court for redress of constitutional violation, like having a biased judge

B. Haines v. Kerner, 404 U.S. 520 (1971), Inn Haines, the Court found that plaintiff's complaint legally sufficient, Supreme Court found that pro se pleadings should be held to "less stringent standards" than those drafted by attorneys.

    1. Mr. Foster knows that pro se litigants are afforded leeway when it comes to meeting pleading requirements: "Of course, Mr. Celli has also failed to comply with the removal requirements set forth in 28 U.S.C. §§ 1441 and 1446 and should not be allowed to tack on a removal request concerning a separate lawsuit to the above-captioned, now-terminated action"

    2. This shows that Mr. Foster lacks candor towards the court because in his job, Mr. Foster, like Your Honor, encounters many pro se litigants

    3. This is fraud upon the court because Mr. Foster is attempting to deprive me of remedy because of pleading

    4. I cannot meet the pleading requirement because I am limited to what pdfs I have and what I have printed out.

    5. If I remember correctly, the Haines case is the stare decisis case for pro se litigants and their pleadings

C. Also, none of Mr. Celli's recent filings appears to involve or even consider the City Defendants. In fact, only the motion for a premotion conference identifies City

MOTION FOR SANCTIONS PURSUANT TO RULE 11 AGAINST ATTORNEY IAN WILLIAM FOSTER OF CORPORATION COUNSEL FOR NYC BECAUSE HE LACKS CANDOR TOWARDS THE COURT - 5

Defendants in the caption and, like the "Answer" and "Motion to Dismiss," does not substantively discuss City Defendants at all.

Mr. Foster is correct is the sense that my motion does not center upon the NYC, but the city has evidence that AUSA can use to assess how much Ms. Combier owes the government because she comingled her nonprofit foundation with her for-profit business and the tax returns do not reflect this fact.

## VI. City is required to collect taxes from Ms. Combier too, which is grounds for misconduct

Between:

1) NYC Charter §227(4)(b):[1] The mayor shall ensure that copies of such statements are available for public inspection and shall designate city officer to maintain copies of such statements for such purpose. The paragraph speaks about city agencies collecting money.
2) There is a NYC law about taxes, but I need access either to my computer or the internet.
3) NYS Department of Taxation and Finance
4) NYS Judiciary Law §466, which is a lawyer's oath of office to uphold the law

establishes the obligation of Mr. Foster and Corporation Counsel to collect taxes for NYS from Ms. Combier. Then, I had my brother email Mayor DeBlasio and Speaker Johnson the same documents that describe how Ms. Combier uses her nonprofit foundation not to pay taxes for her paralegal business, which is for-profit business.

Mr. Foster was required to inform the court how it intended to collect taxes from Ms. Combier because Mayor DeBlasio and Speaker Johnson were informed that the collection of taxes is a ministerial duty for prosecutors and judges, which is what the AUSAs told me and I

---

[1] With other similar sections in the charter

MOTION FOR SANCTIONS PURSUANT TO RULE 11 AGAINST ATTORNEY IAN WILLIAM FOSTER OF CORPORATION COUNSEL FOR NYC BECAUSE HE LACKS CANDOR TOWARDS THE COURT - 6

could read this in many judicial opinions. There are similar opinions for state elected official too, but I did not have AUSAs tell me this, but I assume it would hold true.

Mr. Foster is responsible for this because his boss, Ms. Georgia Pestana was listed on the email too. I cited the mayor's and speaker's oath of office because they promised to uphold the constitution and laws, which collecting taxes is an obligation. Although I did not have a conversation about state elected collecting taxes, there are many judicial opinions in this area and I need the AUSAs to say that the mayor and speaker are required because my collusion of what judicial opinions are worthless and I need the AUSAs on the stand to their opinions
I ask the Court to order the NYC to inform Your Honor on how it plans on collecting taxes from Ms. Combier for the state because I had similar conversation with the Department of Taxation and Finances, as I did with the IRS and the AUSAs

### VII. There is no need for NYC to appear at the Conference, but there is a need of discovery to highlight Ms. Combier's misuse of her nonprofit foundation and/or comingling of her nonprofit foundation with her for profit business

The only thing that Mr. Foster was right about is the fact that NYC does not need to appear at the conference if Your Honor choses to hold one. However, NYC needs to produce all documents where (attendance sheets) Ms. Combier appears as a paralegal because the AUSA would need this information to assess how much taxes Ms. Combier owes the IRS.

### VIII. Remedy

1. Whatever Your Honor believes is just if sanctions are warranted against Mr. Foster
2. Order the City to state its intention for collecting taxes from Ms. Combier or not
3. Order the City to produce attendance sheets from 3020-a's where Ms. Combier appeared as a paralegal because this information is needed, by the AUSAs, to assess the amount Ms. Combier owes the government

MOTION FOR SANCTIONS PURSUANT TO RULE 11 AGAINST ATTORNEY IAN WILLIAM FOSTER OF CORPORATION COUNSEL FOR NYC BECAUSE HE LACKS CANDOR TOWARDS THE COURT - 7

**Service**

ECF to all lawyers

Mailed copy to Ms. Combier and Mr. Portelos

By the way Your Honor, I am the only party that does not have access to ECF but Ms. Combier and Mr. Portelos receive ECF notification because the Court granted them that privilege in the past.

**Dated** this 24nd of January, 2022.

_____
Lucio Celli, Defendant

Elizabeth Combier
315 East 65th Street, Apt 4C
New York, New York 10065

MOTION FOR SANCTIONS PURSUANT TO RULE 11 AGAINST ATTORNEY IAN WILLIAM FOSTER OF CORPORATION COUNSEL FOR NYC BECAUSE HE LACKS CANDOR TOWARDS THE COURT  - 8