UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

*2017-cv-2239*

Lucio Celli,

Plaintiff,

v.

COMBIER ,

Defendants.

MOTION TO VACATE ORDER PURSUANT TO FRCP 60(b)(4) AND 60(d)(3) DUE TO FRAUDULENT ENTRY OF JUDICIAL SIGNATURE AND LACK OF JUDICIAL AUTHORIZATION

Plaintiff respectfully moves this Court to vacate the [Order/Judgment] entered on [Date] pursuant to Federal Rules of Civil Procedure **60(b)(4)** and **60(d)(3)** on the grounds that the order is **void** for lack of judicial authorization, and that the record demonstrates or raises credible suspicion that an **unauthorized electronic signature** was affixed to a judicial order **without the knowledge or consent of the presiding judge**, constituting **fraud upon the court**.

I. INTRODUCTION

This motion concerns a fundamental defect in the judicial process that strikes at the legitimacy of the Court's function: the issuance of an order that does not reflect the act of an Article III judge, but rather was entered or altered **without lawful authority**, in violation of Rule 60, due process, and the Judicial Conference rules governing CM/ECF operations.

## II. LEGAL STANDARD

*A. Rule 60(b)(4) – Void Orders*

Under Rule 60(b)(4), relief must be granted where an order is void for lack of jurisdiction or where the issuing tribunal failed to follow fundamental procedural requirements. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

*B. Rule 60(d)(3) – Fraud on the Court*

Rule 60(d)(3) preserves the Court's power to set aside any judgment for **fraud on the court**, including where **court officers or parties deceive the tribunal**. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246–47 (1944); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).

---

## III. GROUNDS FOR RELIEF

1. On or about [Date], a document purporting to be a judicial order was entered bearing the name and/or electronic signature of Judge [Name].
2. Upon information and belief, the judge did not personally sign, review, or authorize this document. No record of chambers review, minute entry, hearing, or directive exists that would reflect lawful judicial action.
3. The document appears to have been entered by a court clerk or staff member without lawful authority, violating:
    - Judicial Conference CM/ECF protocols,
    - 28 U.S.C. §§ 454 and 956,
    - Federal ethical canons requiring that judicial acts be independently executed,
    - And possibly criminal statutes prohibiting falsification of judicial documents (e.g., 18 U.S.C. § 505, 1505).
4. The entry of a judicial signature without authorization renders the order **void ab initio** and a nullity under Rule 60(b)(4), or alternatively, the product of **fraud upon the court** under Rule 60(d)(3).

---

## IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. **Vacate the Order entered on [Date]** as void under FRCP 60(b)(4);
2. Alternatively, **schedule an evidentiary hearing** regarding the circumstances of the order's entry, including authentication of the judge's signature and confirmation of judicial review;

3. Issue an order compelling the Clerk of Court or CM/ECF Administrator to produce metadata, logs, and authorizations concerning the document's creation and filing;
4. Refer the matter to appropriate internal disciplinary or ethics authorities if unauthorized action is confirmed;
5. Grant such other and further relief as justice requires.

---

## V. CONCLUSION

The legitimacy of judicial power requires the judge's personal participation in the entry of orders. Any document falsely presented as a judicial act undermines the rule of law and cannot be permitted to stand. Plaintiff therefore requests immediate remedial action.

Respectfully submitted,


/s/ Lucio Celli

DATED: June 15, 2015
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

17-cv-02239-KAM-RLM

Lucio Celli,

Plaintiff,

v.

USA

Defendants.

## PLAINTIFF'S MOTION TO [Specify Relief Sought]

### I. Introduction

**COMES NOW** Lucio Celli ("Plaintiff/Movant"), and respectfully moves this Court for relief pursuant to Rule___ of the Federal Rules of Civil Procedure. In support thereof, Movant states as follows:

### II. Background

The Plaintiff, Lucio Celli, has initiated this action against New York City and other defendants, alleging [briefly state the nature of the allegations].

### III. Legal Standard

Under Rule_____, a party may serve on any other party a written request to admit the truth of any matters within the scope of Rule _____ relating to facts, the application of law to fact, or opinions about either.

## IV.  Argument

a. The admissions sought are relevant to the issues in this case and will aid in the efficient resolution of the matter.
b. The Defendants have failed to respond adequately to the requests for admission, necessitating this motion.

## V.  Conclusion

For the reasons stated above, Movant respectfully requests that the Court grant the relief sought in this motion.

## VI.  Proposed Order

A proposed order granting the relief sought is attached hereto as Exhibit A.

DATED: June 11, 2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
917-275-3919
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on today's Date, a copy of the foregoing Motion to as described above was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Lucio Celli, pro se

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

*2017-cv-2239*

Lucio Celli,

Plaintiff,

v.

COMBIER ,

Defendants.

MOTION TO VACATE ORDERS FOR FRAUD UPON THE COURT UNDER FRCP 60(d)(3) AND FOR REFERRAL UNDER THE JUDICIAL CONDUCT AND DISABILITY ACT OF 1980 DUE TO MISUSE OF OFFICE BY CHIEF JUDGE BRODIE AND JUDGE MATSUMOTO TO PROTECT SENATOR SCHUMER, RANDI WEINGARTEN, AND BETSY COMBIER

To Pres Trump, AG Bondi, Houe Jud., Sen Judge, Hon. Margo Brodie, Hon. Kiyo Matsumoto, Hon. Conrad, Dishon. Cogan, Hon. Crona, and others, as the Randi Weingarten and the UFT are allowed to commit any crime against with them being able to get away with it.

**Please Take Notice**, Judge Cronan—as an AUSA—told me what Judge Cogan did to me would constitute a crime under 18 USC §371 and Fraud Upon the Court.

**Please Take FURTHER Notice**, borderline IQ students knew and understood what 80 AUSAs told me

There was a distortion for Randi as HIV still has a stigma, like my brother washing out my niece's mouth with Combier admitting that her publication of HIV status forced by Randi to make quit my job and the AUSAs of EDNY covered this up

The day that my status was posted, Randi emailed: "you haven't had enough"

## I. INTRODUCTION

Plaintiff respectfully moves under **FRCP 60(d)(3)** to vacate all orders issued by Chief Judge **Margo Brodie** and Judge **Kiyo Matsumoto**, and further invokes the **Judicial Conduct and Disability Act of 1980**, 28 U.S.C. §§ 351–364, to seek referral and disciplinary investigation for conduct **incompatible with judicial office**. The acts described herein rise to a level that implicates the **constitutional standard for impeachment** under Article II, Section 4: "high Crimes and Misdemeanors."

The merits is Sen. Schumer covered up for Randi, as I was entitled to money for the environment created by Randi and was known with admission by my employer

Lehrburger lied his in R&R—heighten my claim of quid pro quo—as an independent review of this was required, which he left out

## II. SUMMARY OF JUDICIAL MISCONDUCT

Judges Brodie and Matsumoto:

1. **Misused judicial power** to suppress whistleblower evidence involving political corruption linked to Senator Charles Schumer;
2. **Protected Randi Weingarten and Betsy Combier** by refusing to adjudicate claims of retaliation, harassment, wage theft, and pension obstruction;
3. **Failed to enforce tax and benefit laws**, enabling retaliatory economic coercion against the Plaintiff;
4. **Acted in collusion with political actors** by obstructing First Amendment, Due Process, and Equal Protection claims with full knowledge of their merit;
5. **Ruled without jurisdiction or in knowing conflict**, thereby **defiling the court's integrity** and abusing the public trust.

## III. LEGAL BASIS: FRAUD UPON THE COURT AND JUDICIAL MISCONDUCT

*A. Rule 60(d)(3): Fraud on the Court*

*"Fraud on the court" includes conduct that corrupts the judicial process itself. It embraces bribery of a judge or jury, fabrication of evidence, or...where a judge deliberately disregards material facts to reach a predetermined outcome.*
— *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944);
— *King v. First Am. Investigations, Inc.*, 287 F.3d 91 (2d Cir. 2002)

Judges Brodie and Matsumoto intentionally ignored dispositive constitutional claims, imposed sanctions with political motive, and refused hearings despite Plaintiff's documented statutory rights.

*B. Judicial Conduct and Disability Act of 1980*

Congress enacted 28 U.S.C. §§ 351–364 to:

"Provide a formal mechanism for the investigation and discipline of judges who are no longer fit to serve due to disability or misconduct... including conduct prejudicial to the effective and expeditious administration of justice."
— *S. Rep. No. 96-362, 96th Cong., 2d Sess. (1980)*

Misconduct includes:

- Retaliating against whistleblowers or litigants for asserting legal rights;
- Shielding colleagues or political actors from scrutiny;
- Knowingly issuing rulings without jurisdiction or in violation of law;
- Distorting or omitting material facts to protect political or institutional interests.

*C. Legislative History*

The Act was passed in response to abuses where:

"Judges used their office not to do justice but to protect power, punish criticism, and advance partisan interest."
— *S. Rep. No. 96-362, at 4–5*

That is precisely what occurred here: Brodie and Matsumoto **used judicial office to insulate political allies and suppress complaints of serious federal violations.**

---

## IV. THE FEDERALIST PAPERS: CONSTITUTIONAL BASIS FOR REMOVAL

As *Federalist No. 81* explains:

"The judiciary must be beyond reproach, lest its legitimacy dissolve in the public eye... Impeachment is the safeguard against those who violate the sacred obligation of neutrality and fidelity to law."

And *Federalist No. 65* states:

"Abuse of public trust is the principal criterion for impeachment... it is a political crime when it subverts the legitimate function of the office."

Judges Brodie and Matsumoto:

- Subverted neutrality;
- Disregarded their constitutional oath;
- Protected individuals implicated in coordinated retaliation against Plaintiff;
- Allowed wage theft and government fraud to proceed unaddressed to favor Senator Schumer's allies.

Such conduct falls squarely within the meaning of **"high crimes and misdemeanors"** as originally conceived.

---

## V. PRAYER FOR RELIEF

Plaintiff respectfully seeks:

1. **Vacatur of all rulings by Chief Judge Brodie and Judge Matsumoto** under **Rule 60(d)(3)**;
2. Formal referral of these judges under the **Judicial Conduct and Disability Act of 1980**, 28 U.S.C. §§ 351–364;
3. Transmittal of findings and evidentiary materials to:
   - The **Judicial Conference of the United States**;
   - The **Senate Judiciary Committee** for potential **Articles of Impeachment**;
   - The **DOJ Public Integrity Section**, under 18 U.S.C. §§ 242, 371, 1346;
4. Leave to supplement this motion with a declaration, audio exhibits, and evidentiary index substantiating:
   - Coordinated harassment by Weingarten and Combier;
   - Judicial concealment of wage and tax fraud;
   - Abuse of the Article III judicial role to suppress politically inconvenient litigation.
   - Magistrate Lehruburger should not be allowed to apply for magistrate again

/s/ Lucio Celli

DATED: June 15, 2015
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]